# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

LACOSTE ALLIGATOR, S.A.

    PLAINTIFF

       VS.

ROLANDO RODRÍGUEZ D/B/A OSCAR IMPORTS; YOLMAN CORNIELLE MATOS D/B/A YOLMAN IMPORT; CENTRO IMPORTS; PERFUMERÍA AIYA; L-NOVO ESCOLAR; D'TAKAS; MILAGROS ESTRELLA & CLAUDIO CABRAL ESTRELLA D/B/A MELANI IMPORTS; FANTASY OUTLET; NAYDA'S IMPORT; JOYERÍA YALEXA; GALY FASHION; HÉCTOR FIGUEROA D/B/A ZAKKOS; GARMALY FASHION; CARTERAS Y RELOJES; MARITZA RIVERA; EFRAÍN RÍOS; JA DISTRIBUTORS; 24 DISTRIBUTORS, INC.; FARINACCI KIDS D/B/A FARINACCI IMPORTS; TERE'S ACCESORIOS Y ALGO MÁS; JOHNNY'S GIFT SHOP; SHEILA ROSARIO & OMAR BAEZ D/B/A SHEILA FASHION; MILAD IMPORTS; QUICK MODEL; MINELY; ORLIS; LA CASA DEL MAHÓN; RODOLFO SULIÁ SANTIAGO D/B/A AILUS INTERNATIONAL; ROBERTO RIVERA MENDOZA D/B/A REVOLUTION WAVE IMPORTS; JOHN DOE; JANE DOE (1-50); XYZ CORPORATIONS (1-50)

    DEFENDANTS

CIVIL NO. 06 – 2210 (CCC)

INFRINGEMENT OF REGISTERED TRADEMARKS AND TRADEMARK COUNTERFEITING

FALSE DESIGNATION OF ORIGIN

UNFAIR COMPETITION

INJUNCTIVE RELIEF

DAMAGES

FILED UNDER SEAL

RECEIPT # 505
AMOUNT $350.00
DEC -4 2006
C. Santana
CASHIER'S SIGNATURE

RECEIVED & FILED 2006 DEC -4 PM 1:23

---

## COMPLAINT

**TO THE HONORABLE COURT:**

Plaintiff Lacoste Alligator S.A. ("Plaintiff" or "Lacoste"), by its attorneys Fross Zelnick Lehrman & Zissu, P.C. and Reichard & Calaf, P.S.C., for its complaint against Defendants alleges as follows:

## SUBSTANCE OF THE ACTION

1.      The LACOSTE name and the LACOSTE logo, which are popularly known as the "Lacoste alligator" or "Lacoste crocodile," (collectively, the "LACOSTE Marks") are among the oldest and most famous trademarks in the fashion industry.[1]  This action arises out of Defendants' unauthorized sale of counterfeit apparel, fashion accessories, perfume, sunglasses, wallets and other merchandise bearing the LACOSTE Marks.  Plaintiff asserts claims for trademark infringement and counterfeiting under §32(1) of the Federal Trademark Act of 1946 (the "Lanham Act", 15 U.S.C. §1114(1); unfair competition and false designation of origin under §43(a) of the Lanham Act, 15 U.S.C. §1125(a) and trademark infringement and unfair competition in violation of the General Trademark Act and common law of Puerto Rico.  Plaintiff seeks injunctive relief, an accounting, treble damages or statutory damages and recovery of its costs and attorney's fees.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction under Section 39 of the Lanham Act, 15 U.S.C. §1121, under Sections 1331, 1338(a), 1338(b) and 1367 of the Judicial Code, 28 U.S.C. §§1331, 1338(a), 1338(b), 1367 and under principles of pendent jurisdiction.  Venue is proper under 28 U.S.C. §1391(b) of the Judicial Code in that Defendants are located in this district and a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3.      Plaintiff Lacoste Alligator S.A. is a Swiss Societe Anonyme (corporation) with its principal place of business at 8 Rue Muzy, CH-1211 Geneva 3, Switzerland. Plaintiff is a trademark holding company which grants licenses to others to use its marks in

---

[1] The Lacoste logo is sufficiently stylized that it could be viewed as either an alligator or a crocodile, both species of crocodilians which differ in appearance primarily in the shape of their jaws and teeth.

the United States and other countries. References herein to "Plaintiff" or "Lacoste" refer collectively to Plaintiff and its predecessors-in-interest with respect to the trademark rights at issue.

## DEFENDANTS

4.      Co-Defendant Rolando Rodríguez d/b/a Oscar Imports and various John and Jane Doe Defendants do business at Urb. Rexville, Las Cumbres Avenue BB-18, Bayamón, Puerto Rico. Upon information and belief defendant Rolando Rodríguez is a repeat offender and is permanently enjoined from committing the acts complained of herein, in accordance with Order entered in Civil Case No. 04-2367 (SEC) on July 31, 2006.

5.      Co-Defendant Yolman Cornielle Matos d/b/a Yolman Import and various John and Jane Doe Defendants do business at #103 Betances Street, Barranquitas, Puerto Rico.

6.      Co-Defendant Centro Imports and various John and Jane Doe Defendants do business at Road 156, Km. 12.0, Barranquitas, Puerto Rico.

7.      Co-Defendant Perfumeria Aiya and various John and Jane Doe Defendants do business at Del Carmen Street, Morovis,Puerto Rico.

8.      Co-Defendant L-Novo Escolar and various John and Jane Doe Defendants do business at Road 155, Km. 35.1, Orocovis, Puerto Rico.

9.      Co-Defendant D'Takas and various John and Jane Doe Defendants do business at Road 891, Km. 14.8, Corozal, Puerto Rico.

10.     Co-Defendants Milagros Estrella and Claudio Cabral Estrella d/b/a Melani Imports and various John and Jane Doe Defendants do business at Carretera 183, Villas de Castro, Caguas, Puerto Rico and Calle 10 K-13, Villas de Castro, Caguas, Puerto Rico. Upon

3

information and belief defendants Milagros Estrella and Claudio Cabral Estrella are repeat offenders and are preliminarily enjoined from committing the acts complained of herein, in accordance with Order entered in Civil Case No. 05-2259 (PG).

11.    Co-Defendant Fantasy Outlet and various John and Jane Doe Defendants do business at Los Robles Street a-17, Urb. Los Laureles, Cayey, Puerto Rico.

12.    Co-Defendant Nayda's Import and various John and Jane Doe Defendants do business at Miguel M. Muñoz Avenue A-4, Cayey, Puerto Rico.

13.    Co-Defendant Joyería Yalexa and various John and Jane Doe Defendants do business at José de Diego Street #1, Cayey, Puerto Rico.

14.    Co-Defendant Galy Fashion and various John and Jane Doe Defendants do business Barranquitas Street, Urb. América, Rio Piedras, Puerto Rico.

15.    Co-Defendants Héctor Figueroa d/b/a Zakkos and various John and Jane Doe Defendants do business at De Diego Avenue 725, Puerto Nuevo, Puerto Rico.    Upon information and belief defendant Héctor Figueroa is a repeat offender and is preliminarily enjoined from committing the acts complained of herein, in accordance with Order entered in Civil Case No. 05-2259 (PG).

16.    Co-Defendants Garmaly Fashion and various John and Jane Doe Defendants do business at Road 169, Km. 2.5, Guaynabo, Puerto Rico.

17.    Co-Defendant Carteras y Relojes and various John and Jane Doe Defendants do business at Marginal Expreso Trujillo Alto, Altos Gimnasio El Vikingo, Trujillo Alto, Puerto Rico.

18.    Co-Defendant Maritza Rivera and various John and Jane Doe Defendants do business at 65th Infantry Avenue, in front of Top Electronics, Rio Piedras, Puerto Rico.

4

19.     Co-Defendant Efrain Rios and various John and Jane Doe Defendants do business at Pulguero El Bayú, Hato Rey, Puerto Rico. He works at Ferreteria Isla, Road 877, Rio Piedras, Puerto Rico.

20.     Co-Defendant JA Distributors and various John and Jane Doe Defendants do business at Las Carrozas Street #2747, Urb. La Perla, Ponc, Puerto Rico.

21.     Co-Defendant 24 Distributors, Inc. and various John and Jane Doe Defendants do business at 413 Road 123, Ponce, Puerto Rico.

22.     Co-Defendant Farinacci Kids d/b/a Farinacci Imports and various John and Jane Doe Defendants do business at Emiliano Fagot Avenue, Ponce, Puerto Rico.

23.     Co-Defendant Tere's Accesorios y Algo Más and various John and Jane Doe Defendants do business at Carretera Central #40, Cotto Laurel, Ponce, Puerto Rico.

24.     Co-Defendant Johnny's Gift Shop and various John and Jane Doe Defendants do business at Comercio Street #31, Juana Diaz, Puerto Rico.

25.     Co-Defendant Sheila Rosario and Omar Baez d/b/a Sheila Fashion and various John and Jane Doe Defendants do business at El Tren Street #57, Altos, Cataño, Puerto Rico.

26.     Co-Defendant Milad Imports and various John and Jane Doe Defendants do business at William Jones Street, Rio Piedras, Puerto Rico.

27.     Co-Defendant Quick Model and various John and Jane Doe Defendants do business at De Diego 162, William Jones Street, Rio Piedras, Puerto Rico.

28.     Co-Defendant Minely and various John and Jane Doe Defendants do business at Paseo de Diego, Rio Piedras, Puerto Rico.

29.     Co-Defendant Orlis and various John and Jane Doe Defendants do business at. Loiza Street 1918, Santurce, Puerto Rico.

30.     Co-Defendant La Casa del Mahón and various John and Jane Doe Defendants do business at Loiza Street 2023, Santurce, Puerto Rico.

31.     Co-Defendant Rodolfo Suliá Santiago d/b/a Ailus International and various John and Jane Doe Defendants do business at Urb. Country Club, 201 Street, GJ-23, Carolina, Puerto Rico. Upon information and belief defendant Rodolfo Suliá Santiago is a repeat offender and is preliminarily enjoined from committing the acts complained of herein, in accordance with Order entered in Civil Case No. 05-2259 (PG). He is also permanently enjoined from committing said acts in accordance with Order entered in Civil Case No.04-2367 (SEC) on April 25, 2006.

32.     Co-Defendant Roberto Rivera Mendoza also known as Pucho d/b/a Revolution Wave Imports and various John and Jane Doe Defendants do business at Calle Dr. Veve #24, Bayamón, Puerto Rico and at Guanabano Ward, Aguada, Puerto Rico. Upon information and belief defendant Roberto Rivera Mendoza is a repeat offender and is preliminary enjoined from committing the acts complained of herein, in accordance with Order entered in Civil Case No. 05-2259 (PG).

33.     Co-Defendant, JOHN AND JANE DOE 1-50 (hereinafter "JOHN DOES"), whose names are not at this time known. Upon information and belief, JOHN DOES are and do reside in the Commonwealth of Puerto Rico, actively participated in or assisted in, the infringement of the above named Plaintiff's trademarks through the unauthorized manufacture, copying, duplication, distribution, display, sale and/or offer for sale of apparel, fashion accessories, perfume, sunglasses, wallets and other merchandise bearing the

6

LACOSTE Marks. Once these Defendants' true identity is known the Plaintiff will amend this complaint to add the JOHN DOES' true and correct names.

34. Co-Defendants, XYZ CORPORATIONS 1-50 (hereinafter "XYZ" or "Defendant" or "Defendants"), are corporations whose names are not known, but upon information and belief, are duly incorporated under the laws of the Commonwealth of Puerto Rico, and actively participated in the infringement of the above named Plaintiff's trademarks through the unauthorized manufacture, copying, duplication, distribution, display, sale and/or offer for sale of apparel, fashion accessories, perfume, sunglasses, wallets and other merchandise bearing the LACOSTE Marks. Once these Defendants' true identity is known the Plaintiff will amend this complaint to add the XYZ CORPORATIONS' true and correct names.

## FACTUAL BACKGROUND

### Lacoste and Its Famous Logo

35. Lacoste is one of the world's leading clothing and fashion accessory companies. The LACOSTE brand and distinctive logo were first introduced in 1933 when French tennis star René Lacoste collaborated with André Gillier, president of France's largest knitwear manufacturer, to set up a company for the production of logo-embroidered shirts. The logo alludes to René Lacoste's nickname "Crocodile." The LACOSTE logo is believed to be among the first trademarks ever to appear on the outside of an article of clothing, and has been used continuously, with only minor modifications, for over seventy years. Depicted in **Exhibit A** hereto are some of the several existing variations of Plaintiff's logo.

36. Today, Plaintiff's business remains closely tied to the legacy of René Lacoste, as the company is still operated by the Lacoste family. However, in the years since the

company's founding, the product line has grown and now a wide assortment of apparel and accessories are sold, under license from Plaintiff, under the LACOSTE Marks. Among the LACOSTE products bearing Plaintiff's famous logo in the U.S. are apparel, perfume, sunglasses, handbags, tote bags, duffel bags, backpacks, luggage, belts and watches. Images of selected authentic apparel LACOSTE products bearing the LACOSTE Marks are attached hereto as **Exhibit B**.

37.     At present, Plaintiff and its affiliates or licensees operate 870 LACOSTE boutiques worldwide, including many in the U.S., and LACOSTE products are offered for sale through numerous additional retail outlets in over 110 countries. The LACOSTE logo is prominently featured on the exterior of LACOSTE boutiques.

38.     As of January 1, 2006, global revenues on the sale of LACOSTE products were over €1.29 billion ($1.717 billion) worldwide.

39.     Throughout the years, Lacoste has supported the LACOSTE Marks with a substantial investment in advertising, public relations, promotions and sponsorships. As a result, the LACOSTE Marks have become well known and famous among the trade, and the public at large, in the United States and Puerto Rico and other parts of the world.

40.     The LACOSTE Marks have acquired distinctiveness through Lacoste's long and continued use, extensive publicity and business growth.

#### Registrations for LACOSTE Marks

41.     Through enormous expenditures of time, money and effort, Plaintiff has developed enormous goodwill in the Lacoste Marks, which have become famous throughout the world. Plaintiff and its licensees currently spend over four million dollars annually to advertise the LACOSTE brand and the Lacoste Marks in the U.S. As a result thereof, the

public in general widely recognize the LACOSTE Marks as the designation that identifies Lacoste and its products.

42.     Lacoste owns a number of trademark registrations in the Principal Register of the U.S. Patent and Trademark Office covering LACOSTE or its famous logo for a variety of goods.  Such registrations include the following:

| Trademark | Registration No. | Registration Date | Goods and Services |
|---|---|---|---|
| Design (Saurian Design)  | 1,108,987 | Dec 12, 1978 | Men's, women's and children's sport shirts and sweaters, men's socks, outer shorts, hats and caps, women's and children's dresses in International Class 25 |
| LACOSTE | 879,171 | Oct 21 1969 | Shirts for men, women and children, sweaters, tennis shorts, walking shorts, socks, beach jackets, dresses for women and children, swim trunks, caps, hats, and skirts in International Class 25 |
| LACOSTE | 1,218,448 | Nov 30 1982 | Men's shirts, jackets in International Class 25 |
| LACOSTE | 1,187,445 | Jan 26 1982 | Eyeglasses; sunglasses; eyeglasses and eyeglass case sold as unit, and |

| | | | |
|---|---|---|---|
| | | | sunglasses and sunglass case as unit in International Class 9 |
| LACOSTE | 1,262,783 | Jan 3 1984 | Cologne, after shave lotion, and personal deodorant in International Class 3; plastic shopping bags in International Class 22; sport shirts, warmup suits, women's and children'socks, sweatbands and wristbands and visors in International Class 25 |
| LACOSTE | 1,874,740 | Jan 17 1995 | Golf clubs, golf balls, golf club head covers, tees, golf bags in International Class 28 |
| LACOSTE | 1,873,327 | Jan 10 1995 | Tennis rackets, tennis balls, grips, strings for tennis rackets, tennis bags, racket covers in International Class 28 |
| LACOSTE | 1,947,111 | Jan 9 1996 | Watches in International Class 14 |
| LACOSTE | 1,985,923 | Jul 9 1996 | Retail shops featuring clothing, footwear, toiletries, personal accessories and sporting goods in International Class |

| | | | 42 |
|---|---|---|---|
| Design (Saurian Design) | 1,178,236 | Nov 17 1981 | Men's shirts, jackets, and suits in Class 25 |
| Design (Saurian Design) | 1,873,325 | Jan 10 1995 | Tennis rackets, tennis balls, grips, strings for tennis rackets, tennis bags, racket covers in International Class 28 |
| Design (Saurian Design) | 1,873,326 | Jan 10 1995 | Golf clubs, golf balls, golf club head covers, tees, golf bags in International Class 28 |
| Design (Saurian Design) | 1,181,760 | Dec 15 1981 | Toilet soaps in International Class 3 |
| Design (Saurian Design) | 1,206,000 | Aug 24 1982 | Eyeglasses, sunglasses, and cases for both in International Class 9 |
| Design (Saurian Design) | 1,979,939 | Jun 11 1996 | Retail shops featuring clothing, footwear, toiletries, personal accessories and sporting goods in International Class 42 |
| Design (Saurian Design) | 2,004,314 | Oct 1 1996 | polo shirts, sweatshirts, blousons, shirts, pants, shorts, skirts, dresses, jogging suits, sweaters, jackets, |

| | | | parkas, headwear, robes, swimwear, footwear, socks, belts, gloves in International 25 |
|---|---|---|---|
| Design (Saurian Design)  | 1,219,607 | Dec 14 1982 | Perfumes, Toilet Waters, Cologne, After Shave, Shaving Cream, and Personal Deodorant in International Class 3 |
| Design (Saurian Design)  | 2,247,880 | May 25 1999 | Watches in Class 14 |
| Design (Saurian Design)  | 1,233,552 | April 5 1983 | Plastic Shopping Bags in International Class 16; Sport Shirts, Bathrobes, Beach Jackets, Swim Trunks, Tennis Shorts, Skirts, Women's and Children's Socks, and Sun Visors in Inernational Class 25; |

43.    Printouts of the status of the foregoing U.S. registrations and applications from the U.S. Patent and Trademark Office's online database located at http://tarr.uspto.gov are attached as **Exhibit C**.

44.     The registrations listed above are valid and subsisting and are prima facie evidence of the validity of the LACOSTE Marks, and of Lacoste's ownership and exclusive right to use its marks in commerce in accordance with 15 U.S.C. §1057(b). Moreover, most of these registrations are all incontestable in accordance with 15 U.S.C. §1065 and are conclusive evidence of the validity of those registered marks and of Lacoste's ownership and exclusive right to use the mark pursuant to 15 U.S.C. § 1115(b).

45.     Lacoste is also the owner of trademark registrations issued by the Department of State of the Commonwealth of Puerto Rico. These registrations include:

| Trademark | Registration No. | Registration Date | Goods and Services |
|---|---|---|---|
| LACOSTE | 6802 | April 5, 1983 | Perfumery, toilet waters, skin creams and lotions, and toilet and shaving soaps in International Class 3. |
| LACOSTE | 6804 | April 5, 1983 | Shirts for men, women and children, sweaters, tennis shorts, walking shorts, socks, beach jackets, dresses for women and children, swim trunks, caps, hats, and skirts in International Class 25. |

Copies of the foregoing Puerto Rican registrations are attached as **Exhibit D**.

46.     The acts complained of herein arose out of the same transactions, occurrences, or series of transactions or occurrences. Accordingly, the convenient administration of justice will be served by the joinder of the claims set forth below as the likelihood of a multiplicity of actions will be reduced. Joinder of these Defendants is further supported by the striking similarity of the counterfeit merchandise each sells. The same is also true for those Defendants manufacturing counterfeit merchandise. The counterfeit merchandise being sold doubtlessly

originates from the same source(s) and no doubt reached the defendants though the same or similar channels of trade and/or subterfuge.

47.. At all times herein, the Plaintiff has been and still is the owner for the United States and elsewhere of an exclusive right to manufacture, sell or offer for sale, of the merchandise bearing LACOSTE Marks. Each of the distinctive LACOSTE Marks, when applied to apparel, accessories and other products, signifies to the purchaser that the product originates exclusively with Lacoste and is manufactured to the highest quality standards.

48. The enormous popularity of Lacoste's products is not without costs as evidenced by the increasing numbers of counterfeiters in the United States and worldwide.

49. Each of the Defendants named in this Complaint has been and threatens to continue to manufacture, distribute, offer for sale and sell counterfeit merchandise bearing exact copies, or colorable imitations of Lacoste's distinctive trademarks. See Declaration of Grace Vázquez as **Exhibit F**, Declaration of Roberto Morales as **Exhibit G**, Declaration of Carlos Santana as **Exhibit H**, Declaration of Viviana Vázquez as **Exhibit I**, Declaration of José Marrero as **Exhibit J**, pictures of exemplar counterfeit merchandise Defendants sell as **Exhibit E**. None of the defendants is or has even been authorized by Lacoste at any time to reproduce, manufacture, copy or sell any apparel bearing the Plaintiff's trademarks. See **Exhibit K** (Declaration of Heike Bhonsle), and **Exhibit L** (Declaration of Mario Pérez Rodríguez).

## ALLEGATION OF DAMAGES AND NEED FOR
## INJUNCTIVE RELIEF COMMON TO ALL CLAIMS

50. Lacoste has suffered, is suffering and will continue to suffer irreparable harm and damage as a result of Defendants' aforesaid activities. Unless Defendants' conduct is enjoined, the Plaintiff and its goodwill and reputation will suffer irreparable injury, which

cannot be adequately calculated or compensated solely by money damages.  Defendants will, unless restrained and enjoined, continue to act in the unlawful manner complained of herein, to Lacoste's irreparable damage.

51.     By reason of Defendants' acts complained of herein, Lacoste has suffered monetary damages thus far not yet determined but in excess of five hundred thousand dollars ($500,000.00).

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT AND TRADEMARK COUNTERFEITING (15 U.S.C. §1114)

52.     Plaintiff repeats and realleges Paragraphs 1 through 51 as if fully set forth herein.

53.     Defendants' sale and distribution of counterfeit LACOSTE merchandise is likely to cause confusion, mistake or deception as to the source or sponsorship of Defendant's goods.  As a result of Defendants' unauthorized use of Plaintiff's federally registered LACOSTE Marks, the public is likely to believe that Defendants' goods have been manufactured and/or approved by Plaintiff, and such use creates the false impression that Defendants are legitimately connected with and/or authorized by Plaintiff and places beyond Plaintiff's control its own reputation and ability to control the use of its LACOSTE Marks or the quality of the products bearing these marks.

54.     Defendants' infringement of Plaintiff's registered LACOSTE Marks trademark is willful and intended to reap the benefit of the goodwill of Plaintiff.

55.     Defendants' conduct violates Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

56.     The aforesaid conduct of Defendants is causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage Plaintiff and deceive the public unless preliminarily and permanently enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT II: FEDERAL UNFAIR COMPETITION
## AND FALSE DESCRIPTION (15 U.S.C. §1125)

57.     Plaintiff repeats and realleges Paragraphs 1 through 56 as if fully set forth herein.

58.     Defendants' unauthorized use of copies of the LACOSTE Marks is likely to cause confusion, to cause mistake, or to deceive consumers and the trade as to the origin, sponsorship, or approval of Defendant's products and constitutes a false designation of origin.  As a result of Defendants' unauthorized use of an imitation of Plaintiff's LACOSTE Marks, the public is likely to believe that Defendants' goods have been manufactured and/or approved by Plaintiff, and such use creates the false impression that Defendants are legitimately affiliated, connected, or associated with and/or authorized by Plaintiff and places beyond Plaintiff's control its own reputation and the use of the trademarks and trade dress associated with Plaintiff.

59.     Defendants' conduct is willful and intended to reap the benefit of the goodwill of Plaintiff.

60.     Defendants' conduct violates Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

61.     The aforesaid conduct of Defendants are causing immediate and irreparable injury to Plaintiff and to its goodwill and reputation, and will continue both to damage

Plaintiff and deceive the public unless preliminarily and permanently enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT III: FEDERAL TRADEMARK DILUTION
### (15 U.S.C. §1125 (c))

62.     Plaintiff repeats and realleges Paragraphs 1 through 61 as if fully set forth herein.

63.     Plaintiff's LACOSTE Marks are inherently distinctive and federally registered marks. By reason of Plaintiff's extensive and exclusive use of this mark in connection with Plaintiff's apparel, accessories and other products for many years, they have become a famous marks of Plaintiff associated exclusively with Plaintiff. Plaintiff's LACOSTE Marks became famous long before Defendants' infringing activities commenced.

64.     Defendants' commercial use of the LACOSTE Marks for goods that are not manufactured or controlled by, affiliated with or sponsored by Plaintiff has diluted and is continuing to dilute the distinctive quality of Plaintiff's famous LACOSTE Marks by lessening the capacity of these marks to exclusively identify and distinguish Plaintiff and its goods, and by tarnishing it through association with Defendants' goods.

65.     Defendants' conduct is willful and intended to dilute the distinctiveness of plaintiff's mark and reap the benefit of the goodwill of plaintiff.

66.     Defendants' conduct violates Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

67.     The aforesaid conduct of defendants is causing immediate and irreparable injury to plaintiff and to its goodwill and reputation, and will continue to damage plaintiff unless preliminarily and permanently enjoined by this Court. Plaintiff has no adequate remedy at law.

## COUNT IV: TRADEMARK INFRINGEMENT
## IN VIOLATION OF THE GENERAL TRADEMARK ACT OF THE
## COMMONWEALTH OF PUERTO RICO

68.     Plaintiff repeats and realleges paragraphs 1 through 67 of this Complaint as if fully set forth herein.

69.     The LACOSTE Marks have trademark protection under 10 LPRA §171 *et seq.* by the Registrations issued by the Department of State of the Commonwealth of Puerto Rico. Defendants have adopted and are using confusingly similar names and designs to designate in commerce their goods and merchandise.   Defendants' use of the LACOSTE Marks constitutes a colorable imitation of Lacoste's marks, in a manner that creates likelihood of confusion, mistake or deception. The acts of the Defendants induce purchasers and others to believe, contrary to fact, that their products are sponsored, approved by, or connected with Lacoste.   The acts of the Defendants have damaged, impaired and diluted that part of Lacoste's goodwill symbolized by its marks, all to Lacoste's immediate and irreparable damage.

70.     Defendants' colorable imitation in the manner described in this Complaint is without leave or license from Lacoste, and therefore, constitutes trademark infringement within the meaning of the Trademark Act of Puerto Rico, 10 L.P.R.A. § 171 *et seq.*

71.     Defendants had constructive and/or actual knowledge of Lacoste's rights when Defendants engaged in the conduct described in this Complaint.   Thus, Defendants have willfully, deliberately and maliciously engaged in the acts described in this count to cause injury to Lacoste and to deceive the public.

## COUNT V: UNFAIR COMPETITION IN VIOLATION
## OF THE LAW OF THE COMMONWEALTH OF PUERTO RICO

72.     Lacoste repeats and realleges paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73.     Defendants have used and are using colorable imitations of the LACOSTE Marks to identify their products in such a manner to misrepresent their businesses as that of Lacoste; to misrepresent the source, sponsorship, approval, or certification of Lacoste; to misrepresent their products and merchandise as having an affiliation, connection or association with Lacoste and to misrepresent the origin of their products. The acts by the Defendants have damaged, impaired and diluted that part of Lacoste's goodwill symbolized by their marks, all to Lacoste's immediate and irreparable damage.

74.     Defendants' acts of infringement result in unjust enrichment and constitute unfair competition under 10 L.P.R.A. §257 *et seq.*

75.     Defendants' unfair business practices are of a recurring nature and harmful to the trade and the public at large.

### COUNT VI: COMMON LAW TRADEMARK INFRINGEMENT

76.     Lacoste repeats and restates paragraphs 1 through 76 of this Complaint as if fully set forth herein.

77.     Defendants have used and are using imitations of the LACOSTE Marks, to identify their products, and are doing so in such a manner to create a likelihood of confusion among prospective purchasers, thereby inducing purchasers and others to believe, contrary to fact, that such sales are sponsored, or otherwise approved by, or connected with Lacoste. The acts of infringement committed by Defendants have damaged, impaired and diluted Lacoste's goodwill, to Lacoste's immediate and irreparable damage.

78.     The natural, probable tendency and effect of using a confusingly similar mark in the manner described in this Complaint is to enable Defendants to deceive the public and make the public believe that their products are in some way sponsored, or otherwise approved by or connected with Lacoste.

79.     The use of a confusingly similar mark is likely to cause confusion, mistake or deception as to the source or origin of the products as used by the Defendants and constitutes infringement of Lacoste's rights under common law.

**PRAYER**

**WHEREFORE**, Plaintiff demands interim relief in the form of a Temporary Restraining Order, Seizure Order, Order of Impounding and Preliminary Injunction, and consistent with that, entry of a judgment against each and every Defendant as follows:

1.     That an ex parte temporary restraining order and preliminary and permanent injunctions be issued enjoining Defendants, their officers, agents, servants, employees and attorneys, and all those in active concert and participation with any of them who receive actual notice of the order by personal service or otherwise, from:

(a)     imitating, copying, or making unauthorized use of the LACOSTE Marks;

(b)     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the LACOSTE Marks or any other indicia associated with Plaintiff;

(c)     using any simulation, reproduction, counterfeit, copy or colorable imitation of the LACOSTE Marks or any mark or trade dress confusingly similar thereto in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture,

20

production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Plaintiff or to any goods sold, manufactured, sponsored or approved by or connected with Plaintiff;

(d)     using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by any Defendant is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

(e)     transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in defendants' possession, custody or control bearing a design or mark substantially identical to Plaintiff's LACOSTE Marks;

(f)     engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's LACOSTE Marks;

(g)     disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the LACOSTE Marks or trade dress; or

(h)     instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

2.     Directing that Defendants deliver up to Plaintiff's counsel (i) all products, labels, signs, prints, packages, wrappers, receptacles, advertisements, and any other items

bearing an unauthorized copy or counterfeit of the LACOSTE Marks, or any simulation, reproduction, or colorable imitation thereof, whose authenticity cannot be determined by Plaintiff's agent; and (ii) all means for the manufacture of same, and permitting Plaintiff to destroy such materials without compensation to Defendants.

3.    Directing that Defendants make all books, records (including all hard drives on computers used for business purposes, including servers, as well as all computer disks and back up disks) and other documents concerning all transactions relating to the purchase or sale and unauthorized use of products or packaging incorporating a copy or imitation of the LACOSTE Marks available to plaintiff for review, inspection and copying, and provide Plaintiff the names, addresses and all other contact information in its possession (e.g., telephone numbers, fax numbers) for (a) the source of the such products and packaging, including all manufacturers, distributors and/or suppliers, and (b) all persons or entities to whom defendants have sold, distributed or supplied such products or packaging.

4.    Directing that Defendants recall from all distributors, retailers or other recipients any and all products and packaging sold or distributed by Defendants under or in connection with any copy or imitation of the LACOSTE Marks or trade dress and, upon recall, to deliver such goods up to Plaintiff's counsel for destruction.

5.    Directing such other relief as the Court may deem appropriate to prevent the trade and public from deriving the erroneous impression that Defendants or Defendants' businesses are associated or connected with Plaintiff or that any goods or services provided, promoted or sold by defendants are authorized by Plaintiff or are related in any way to Plaintiff or its goods and services.

6.      Directing that Defendants file with the Court and serve upon Plaintiff's counsel within thirty (30) days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which it has complied with the above requirements.

7.      Requiring Defendants to account for and pay over to Plaintiff three times the profits realized by said defendants from their infringement of the LACOSTE Marks unfair competition with plaintiff.

8.      Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b), or, if Plaintiff elects, statutory damages as the Court considers just, up to $1,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, pursuant to 15 U.S.C. § 1117(c), arising out of Defendants' acts of willful trademark infringement and counterfeiting.

9.      Awarding Plaintiff its actual damages, trebled pursuant to 15 U.S.C. § 1117(a) & (b) arising out of Defendant's acts of willful unfair competition, trademark dilution and fraudulent acts and practices.

10.     Awarding to Plaintiff interest, including pre-judgment interest, on the foregoing sums.

11.     Awarding to Plaintiff its costs in this civil action, including reasonable attorney's fees and expenses, pursuant to 15 U.S.C. § 1117(a).

12.     Granting to Plaintiff such other and further relief as the Court may deem just and proper.

23

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 4th of December 2006.

REICHARD & CALAF, P.S.C.

By: _____
FEDERICO CALAF LEGRAND
(USDC PR 118907)

By: _____
VICENTE A. SEQUEDA TORRES
(USDC PR 209012)

By: _____
CRISTINA ARENAS SOLIS
(USDC PR 223511)

PO Box 9022946
San Juan, Puerto Rico 00902-2946
Tel.(787) 725-1004
Fax (787) 721-0899

- and -

**FROSS ZELNICK LEHRMAN & ZISSU, P.C.**
866 United Nations Plaza
New York, New York  10017
Tel.(212) 813-5900
Fax (212) 813-5901