Lacoste Alligator, S.A. v. Rolando Rodriguez, et als.                                                Doc. 14

Case 3:06-cv-02210-CCC   Document 14   Filed 12/14/2006   Page 1 of 7

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LACOSTE ALLIGATOR, S.A.

Plaintiff

vs.

CIVIL NO. 06-2210 (CC)

ROLANDO RODRÍGUEZ D/B/A OSCAR
IMPORTS; YOLMAN CORNIELLE MATOS
D/B/A YOLMAN IMPORT; CENTRO
IMPORTS; PERFUMERÍA AIYA; L-NOVO
ESCOLAR; D'TAKAS;MILAGROS
ESTRELLA & CLAUDIO CABRAL
ESTRELLA D/B/A MELANI IMPORTS;
FANTASY OUTLET; NAYDA'S IMPORT;
JOYERÍA YALEXA; GALY FASHION;
HÉCTOR FIGUEROA D/B/A ZAKKOS;
GARMALY FASHION; CARTERAS Y
RELOJES; MARITZA RIVERA; EFRAÍN
RÍOS; JA DISTRIBUTORS; 24
DISTRIBUTORS, INC.; FARINACCI KIDS
D/B/A FARINACCI IMPORTS; TERE'S
ACCESORIOS Y ALGO MÁS; JOHNNY'S
GIFT SHOP; SHEILA ROSARIO & OMAR
BAEZ D/B/A SHEILA FASHION; MILAD
IMPORTS; QUICK MODEL; MINELY;
ORLIS; LA CASA DEL MAHÓN; RODOLFO
SULIÁ SANTIAGO D/B/A AILUS
INTERNATIONAL; ROBERTO RIVERA
MENDOZA D/B/A REVOLUTION WAVE
IMPORTS; JOHN DOE; JANE DOE (1-50);
XYZ CORPORATIONS (1-50)

Defendants

Infringement of Registered Trademarks
and Trademark Counterfeiting False
Designation of Origin Unfair Competition
Injunctive Relief Damages

## REPORT AND RECOMMENDATION ON
## PRELIMINARY INJUNCTION

Plaintiff, Lacoste Alligator S.A. ("Lacoste"), a Swiss corporation, brought this action against the individual Defendants named above for the infringement of its trademark rights

Dockets.Justia.com

Lacoste Alligator, S.A. v. Rolando Rodríguez D/b/a Oscar Imports, et al
Civil No. 06-2210 (CC)
Report and Recommendation on Preliminary Injunction
Page 2

in the LACOSTE name and the LACOSTE logo (hereinafter "the LACOSTE Marks"), trademark counterfeiting, false designation of origin, unfair competition, injunctive relief and damages. On December 5, 2006 the Court granted an *ex- parte* Temporary Restraining Order (TRO) and ordered defendants to show cause why preliminary injunctive relief should not be granted. An evidentiary hearing was scheduled before this Magistrate Judge for December 12, 2006, at 1:00 p.m.

On December 12, 2006, this Magistrate Judge held the preliminary injunction hearing as referred by the Court. In all, twenty five (25) defendants appeared before the Court and, upon being addressed in open court by this Magistrate Judge, they gave their voluntary consent to the entry of a preliminary injunction. Following is a list of all defendants who appeared at the preliminary injunction hearing of December 12, 2006:

i)    Rolando Rodríguez Oyola d/b/a Oscar Imports;

ii)   Yolman Cornielle Matos d/b/a Yolman Imports

iii)  Mohammed Musa d/b/a Perfumería Aixa;

iv)   Milagros Estrella d/b/a Melani Imports;

v)    Wanda Rivera d/b/a Fantasy Outlet;

vi)   Nayda Colón d/b/a Nayda's Imports, represented by Counsel Carlos Calderón;

vii)  Alex Rafael Figueroa d/b/a Joyería Yalexa;

viii) Salvador Galliano d/b/a Galy Fashion, represented by Counsel Luis Rivera;

Lacoste Alligator, S.A. v. Rolando Rodríguez D/b/a Oscar Imports, et al
CIVIL NO. 06-2210 (CC)
Report and Recommendation on Preliminary Injunction
Page 3

    ix)    Hector Figueroa d/b/a Zaccos;

    x)    Juan Franco Rodríguez d/b/a Garmaly Fashions;

    xi)    Nabil Mahmoud d/b/a Quick Model;

    xii)    Mohamed Hochaime Smaili d/b/a Orlis;

    xiii)    Ali Smaili d/b/a La Casa del Jean (Mahón) d/b/a Minely Jean d/b/a Minely Corp.;

    xiv)    Secundina Roque Contreras d/b/a Milad Imports;

    xv)    Joel Arroyo Arcay d/b/a JA Distributors;

    xvi)    Manuel Farinacci Morales d/b/a Farinacci Kids d/b/a Farinacci Imports;

    xvii)    (John Doe 1) - Valentín Cabrera Pérez d/b/a Vale's Import;

    xviii)    (John Doe 2) - Mohammed Hussein d/b/a Basha;

    xix)    (John Doe 4) - John Colón Dávila d/b/a Geenalex Distributors;

    xx)    Juan Rivero d/b/a Centro Imports;

    xxi)    Juan Carlos Báez d/b/a D'Takas;

    xxii)    Omar Báez d/b/a Sheila's Fashion;

    xxiii)    Ramón Luis Menéndez d/b/a Tere's Accesorios y Algo Más;

    xxiv)    Juan Renta Cruz d/b/a Johnny's Gift Shop;

    xxv)    Efrain Ríos.

The following defendants were properly served and notified with the Court's order to show cause, but they failed to appear:

Lacoste Alligator, S.A. v. Rolando Rodríguez D/b/a Oscar Imports, et al
CIVIL NO. 06-2210 (CC)
Report and Recommendation on Preliminary Injunction
Page 4

    i)      Claudio Cabral Estrella d/b/a Melani Imports;

    ii)     Ricardo Flores Fonseca d/b/a Carteras y Relojes;

    iii)    Abelardo Broche Escamilla (24 Distributors, Inc.) d/b/a JD Distributors d/b/a 24 Distributors, Inc.;

    iv)    Ramón Suliá Romero - (John Doe 3); and

    v)     Sheila Rosario d/b/a Sheila's Fashion.

This Magistrate Judge construes these defendants' absence to mean that they defaulted being present once duly summoned, and as such these defendants should have no objection to allow the temporary restraining order to be extended as to them. Their default is to be entered and considered appropriate and a temporary injunctive order, as above recommended, be entered by the Court.

All above defendants' consent to the preliminary injunction or for the extension of the TRO should not to be construed as an admission of liability on their part nor shall mean that defendants waive the right to raise any defense they deem appropriate.

**ACCORDINGLY, it is recommended** the Court grants Lacoste's petition for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and thus **PRELIMINARILY ENJOINS** each and every individual defendant named above and any of their officers, directors, agents, servants, employees attorneys, assigns and any persons in active concert or participation with them who receive actual notice of this Order by personal

Lacoste Alligator, S.A. v. Rolando Rodríguez D/b/a Oscar Imports, et al
Civil No. 06-2210 (CC)
Report and Recommendation on Preliminary Injunction
Page 5

service or otherwise, pending the trial and the determination of this action, or until further notice of this Court from:

 (a) imitating, copying, or making unauthorized use of the LACOSTE Marks;

 (b) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the LACOSTE Marks or any other indicia associated with Plaintiff;

 (c) using any simulation, reproduction, counterfeit, copy or colorable imitation of the LACOSTE Marks or any mark or trade dress confusingly similar thereto in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Plaintiff or to any goods sold, manufactured, sponsored or approved by or connected with Plaintiff;

 (d) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by any Defendant is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

 (e) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in defendants' possession, custody or control bearing a design

<u>Lacoste Alligator, S.A. v. Rolando Rodríguez D/b/a Oscar Imports, et al</u>
Civil No. 06-2210 (CC)
Report and Recommendation on Preliminary Injunction
Page 6

or mark substantially identical to Plaintiff's LACOSTE Marks;

(f)  engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's LACOSTE Marks;

(g)  disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the LACOSTE Marks or trade dress; or

(h)  instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

Insofar as defendant Moraima Negron d/b/a L-Novo, who was properly served and notified with the Court's order to show cause, and defendant Rodolfo Suliá d/b/a Ailus Corp, who submitted himself voluntarily to the Court, both defendants were present before the Magistrate Judge at the hearing of December 12, 2006, and they did not consent to the entry of a preliminary injunction as to them. Both defendants appeared *pro se* and this Magistrate Judge informed them about their right to obtain legal representation. Hence, as to co-defendants Negrón and Suliá, it is recommended the Court extends the Temporary Restraining Order ("TRO") until an evidentiary hearing is held to determine if the Preliminary Injunction is also granted against defendants Negrón and Suliá. Defendants

Lacoste Alligator, S.A. v. Rolando Rodríguez D/b/a Oscar Imports, et al
Civil No. 06-2210 (CC)
Report and Recommendation on Preliminary Injunction
Page 7

Negrón and Suliá were ordered to obtain legal representation within ten (10) days from December 12, 2006. Once these defendants appear represented by counsel within such time, the Court and/or upon referral this Magistrate Judge will schedule an evidentiary hearing to determine if the Preliminary Injunction is also granted against defendants Negrón and Suliá.

It is also recommended that it be ORDERED that the $10,000 bond Lacoste posted in cash for the Temporary Restraining Order and the Seizure Order constitute adequate and sufficient security and shall continue to bond the payment of such costs and damages which may be incurred or suffered by Defendants if they have been found to have been wrongfully enjoined or restrained or any of their property wrongfully seized.

Plaintiff requested at the evidentiary hearing and was granted the case be unsealed. Thus, the Clerk of the Court is hereby ordered to unseal the instant action.

IT IS SO RECOMMENDED in San Juan, Puerto Rico on this 14th day of December, 2006.

S/CAMILLE VELEZ-RIVE
CAMILLE VELEZ-RIVE
UNITED STATES MAGISTRATE JUDGE