IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LACOSTE ALLIGATOR, S.A.

Plaintiff

vs                                                    CIVIL 06-2210CCC

ROLANDO RODRIGUEZ d/b/a OSCAR
IMPORTS;
YOLMAN CORNIELLE-MATOS d/b/a
YOLMAN IMPORT;
CENTRO IMPORTS;
PERFUMERIA AIDA;
L-NOVO ESCOLAR;
D'TAKAS; MILAGROS ESTRELLA &
CLAUDIO CABRAL-ESTRELLA d/b/a
MELANI IMPORTS;
FANTASY OUTLET;
NAYDA'S IMPORT;
JOYERIA YALEXA;
GALY FASHION;
HECTOR FIGUEROA d/b/a ZAKKOS;
GARMALY FASHION;
CARTERAS Y RELOJES;
MARITZA RIVERA; EFRAIN RIOS;
JA DISTRIBUTORS;
24 DISTRIBUTORS, INC.;
FARINACCI KIDS d/b/a FARINACCI
IMPORTS;
TERE'S ACCESORIOS Y ALGO MAS;
JOHNNY'S GIFT SHOP;
SHEILA ROSARIO & OMAR BAEZ d/b/a
SHEILA FASHION;
MILAD IMPORTS; QUICK MODEL;
MINELY; ORLIS; LA CASA DEL MAHON;
RODOLFO SULIA SANTIAGO d/b/a
AILUS INTERNATIONAL; ROBERTO
RIVERA-MENDOZA d/b/a REVOLUTION
WAVE IMPORTS; JOHN DOE; JANE DOE
(1-50); XYZ CORPORATIONS (1-50)

Defendants

## PRELIMINARY INUNCTION

Having considered  the Report and Recommendation filed by U. S. Magistrate Judge
Camille L. Vélez-Rivé (**docket entry 14**) after an evidentiary hearing was held on Plaintiff's Ex-
parte Motion for Temporary Restraining Order, Order to Show Cause and Order for Seizure
and for Issuance of Summons (**docket entry 3**), said Report and Recommendation is hereby

CIVIL 06-2110CCC                              2

ADOPTED.  Wherefore, pursuant to Rule 65 of the Federal Rules of Civil Procedure each and

every individual defendant present at the preliminary injunction hearing before the United States

Magistrate Judge, who consented to the entry of a preliminary injunction, to wit:

> Rolando Rodríguez-Oyola d/b/a Oscar Imports
> Yolman Cornielle Matos d/b/a Yolman Imports
> Mohammed Musa d/b/a Perfumería Aixa
> Milagros Estrella d/b/a Melani Imports
> Wanda Rivera d/b/a Fantasy Outlet
> Nayda Colón d/b/a Nayda's Imports
> Alex Rafael Figueroa d/b/a Joyería Yalexa
> Salvador Galliano d/b/a Galy Fashion
> Héctor Figueroa d/b/a Zaccos
> Juan Franco-Frodríguez d/b/a Garmaly Fashions
> Nabil Mahmoud d/b/a Quick Model
> Mohamed Hochaime Smaili d/b/a Orlis
> Ali Smaili d/b/a La Casa del Jean (Mahón) d/b/a Minely Jean d/b/a Minely Corp.
> Secundina Roque-Contreras d/b/a Milad Imports
> Joel Arroyo-Arcay d/b/a JA Distributors
> Manuel Farinacci-Morales d/b/a Farinacci Kids d/b/a Farinacci Imports
> John Doe 1 Valentín Cabrera-Pérez d/b/a Vale's Import
> John Doe 2 Mohammed Hussein d/b/a Basha
> John Doe 4 John Colón-Dávila d/b/a Geenalex Distributors
> Juan Rivero d/b/a Centro Imports
> Juan Carlos Báez d/b/a D'Takas
> Omar Báez d/b/a Sheila's Fashion
> Ramón Luis Menéndez d/b/a Tere's Accesorios y Algo Más
> Juan Renta-Cruz d/b/a Johnny's Gift Shop
> Efraín Ríos

as well as the following defendants who were properly served but failed to appear at the hearing

and against whom the Clerk of Court has since entered default:

> Claudio Cabral-Estrella d/b/a Melani Imports
> Ricardo Flores-Fonseca d/b/a Carteras y Relojes
> Ramón Suliá-Romero (John Doe 3)
> Sheila Rosario d/b/a Sheila's Fashion

and any of their officers, directors, agents, servants, employees attorneys, assigns and any

persons in active concert or participation with them who receive actual notice of this Order by

personal service or otherwise is hereby ENJOINED and RESTRAINED from:

a) imitating, copying, or making unauthorized use of the LACOSTE marks;

b) importing, manufacturing, producing, distributing, circulating, selling, offering for sale,

advertising, promoting or displaying any product bearing any simulation, reproduction,

CIVIL 06-2110CCC                            3

counterfeit, copy or colorable imitation of the LACOSTE marks or any other indicia associated with plaintiff;

c) using any simulation, reproduction, counterfeit, copy or colorable imitation of the LACOSTE marks or any mark or trade dress confusingly similar thereto in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to plaintiff or to any goods sold, manufactured, sponsored or approved by or connected with plaintiff;

d) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by any defendant is in any manner associated or connected with plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by plaintiff;

e) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in defendants' possession, custody or control bearing a design or mark substantially identical to plaintiff's LACOSTE marks;

f) engaging in any other activity constituting unfair competition with plaintiff, or constituting an infringement of plaintiff's LACOSTE marks;

g) disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the LACOSTE marks or trade dress; or

h) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through(g) above.

CIVIL 06-2110CCC                    4

A $10,000.00 cash bond is imposed on LACOSTE as security for such costs and damages which may be incurred or suffered by defendants if they are found to have been wrongfully enjoined or restrained or any of their property wrongfully seized.

SO ORDERED.

At San Juan, Puerto Rico, on February 2, 2006.


                                        S/CARMEN CONSUELO CEREZO
                                        United States District Judge