|  |  |
|---|---|
| IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO | |
| LACOSTE ALLIGATOR, S.A., <br><br> Plaintiff, <br><br> vs. <br><br> ROLANDO RODRÍGUEZ D/B/A OSCAR IMPORTS, et als., <br><br> Defendants | CIVIL NO. 06-2210 (CC) <br><br><br> Infringement of Registered Trademarks and Trademark Counterfeiting False Designation of Origin Unfair Competition Injunctive Relief Damages |

**REPORT AND RECOMMENDATION ON PRELIMINARY INJUNCTION**

Plaintiff, Lacoste Alligator S.A. ("Lacoste"), a Swiss corporation, brought this action against several defendants for the infringement of its trademark rights in the LACOSTE name and the LACOSTE logo (hereinafter "the LACOSTE Marks"), trademark counterfeiting, false designation of origin, unfair competition, injunctive relief and damages. On December 5, 2006 the Court granted an *ex- parte* Temporary Restraining Order (TRO) and ordered defendants to show cause why preliminary injunctive relief should not be granted. An evidentiary hearing was scheduled before this Magistrate Judge for December 12, 2006.

On December 12, 2006, this Magistrate Judge held the preliminary injunction hearing as referred by the Court. In all, twenty five (25) defendants appeared before the Court and, upon being addressed in open court by this Magistrate Judge, they gave their voluntary consent to the entry of a preliminary injunction. A Report and Recommendation was issued as to these twenty five (25) defendants (Docket No. 14).

Lacoste Alligator, S.A. v. Rolando Rodríguez d/b/a Oscar Imports, et al
Civil No. 06-2210 (CC)
Report on Preliminary Injunction Hearing
Page 2

      This case was then referred to the undersigned for an evidentiary hearing, report and recommendation on whether the preliminary injunction should be entered as to co-defendants Moraima Negrón d/b/a L-Novo and defendant Rodolfo Suliá d/b/a Ailus Corp, who were present at the evidentiary hearing held on December 12, 2006 but did not consent to the entry of a preliminary injunction, and as to co-defendant Abelardo Broche-Escamilla d/b/a JA Distributors d/b/a 24 Distributors, Inc., who appeared after the hearing was held. The Temporary Restraining Order was extended until the Court ruled on this matter. (Docket No. 38 and 40).

      On February 15, 2007, the evidentiary hearing was held and present were counsel Federico Calaf-Legrand and Cristina Arenas-Solis for plaintiff. Plaintiff and Moraima Negrón d/b/a L-Novo, represented by counsel Jaime E. Toro-Monserrate, filed some sealed pleadings and these are to be entertained by Hon. Judge Carmen Consuelo Cerezo, District Judge because they are dispositve in nature. (Docket No. 43).

      Rodolfo Suliá d/b/a Ailus Corp. failed to appear at the evidentiary hearing held on February 15, 2007. A review of the docket showed Mr. Suliá had failed to retain counsel in this case and Mr. Suliá was not properly notified by the Clerk's Office of said evidentiary hearing. Accordingly, the evidentiary hearing on whether the preliminary injunction should be entered as to co-defendant Rodolfo Suliá d/b/a Ailus Corp. was re-scheduled for March

Lacoste Alligator, S.A. v. Rolando Rodríguez d/b/a Oscar Imports, et al
Civil No. 06-2210 (CC)
Report on Preliminary Injunction Hearing
Page 3

15, 2007 at 1:30 PM.  Mr. Suliá was ordered to obtain legal representation before this date. Plaintiff's counsel was to notify a copy of the Report issued after the evidentiary hearing to Mr. Suliá at his known address.  (Docket No. 43).

Abelardo Broche-Escamilla d/b/a JA Distributors d/b/a 24 Distributors, Inc. and counsel José Rafael Santiago-Pereles failed to appear at the evidentiary hearing of February 15, 2007 even though counsel Santiago-Pereles was properly notified by the ECF system. As such, an Order to Show Cause was separately issued.  (Docket No. 44).

An evidentiary hearing was held today in which counsel Vicente Sequeda-Torres and Cristina Arenas-Solis were present on behalf of plaintiffs. Also present was counsel José Rafael Santiago-Pereles for Abelardo Broche Escamilla d/b/a JA Distributors d/b/a 24 Distributors, Inc.

Plaintiff, Abelardo Broche Escamilla d/b/a JA Distributors d/b/a 24 Distributors, Inc. and María T. Escamillas d/b/a ID Distributros d/b/a 24 Distributors, Inc.[1], have reached an agreement in this case and were granted fifteen (15) days to submit the Settlement Agreement and Consent Judgment to the Court.  These pleadings are to be entertained by Hon. Carmen Consuelo Cerezo, District Judge because they are dispositve in nature.

---

[1] María T. Escamillas d/b/a ID Distributors d/b/a 24 Distributors, Inc. are object of the Motion to Amend Complaint and an Amended Complaint which are pending before the Court.  (Docket No. 45).

Lacoste Alligator, S.A. v. Rolando Rodríguez d/b/a Oscar Imports, et al
Civil No. 06-2210 (CC)
Report on Preliminary Injunction Hearing
Page 4

Rodolfo Suliá d/b/a Ailus Corp. appeared at today's hearing without counsel[2] and, upon being addressed in open court by this Magistrate Judge, he gave his voluntary consent to the entry of a preliminary injunction. Co-defendant Suliá was advised that his consent to the preliminary injunction or for the extension of the TRO should not to be construed as an admission of liability on his part nor shall mean that he waives the right to raise any defense he deems appropriate.

**ACCORDINGLY, it is recommended** the Court grants Lacoste's petition for a Preliminary Injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and thus **PRELIMINARILY ENJOINS** Rodolfo Suliá d/b/a Ailus Corp. and any of their officers, directors, agents, servants, employees attorneys, assigns and any persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, pending the trial and the determination of this action, or until further notice of this Court from:

(a)     imitating, copying, or making unauthorized use of the LACOSTE Marks;

(b)     importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the LACOSTE Marks or any other indicia associated with Plaintiff;

---

[2] Mr. Suliá was informed by this Magistrate Judge of his right to obtain legal representation. Mr. Suliá stated he will make every effort to retain counsel.

Lacoste Alligator, S.A. v. Rolando Rodríguez d/b/a Oscar Imports, et al
Civil No. 06-2210 (CC)
Report on Preliminary Injunction Hearing
Page 5

    (c)    using any simulation, reproduction, counterfeit, copy or colorable imitation of the LACOSTE Marks or any mark or trade dress confusingly similar thereto in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to Plaintiff or to any goods sold, manufactured, sponsored or approved by or connected with Plaintiff;

    (d)    using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by any Defendant is in any manner associated or connected with Plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by Plaintiff;

    (e)    transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in defendants' possession, custody or control bearing a design or mark substantially identical to Plaintiff's LACOSTE Marks;

    (f)    engaging in any other activity constituting unfair competition with Plaintiff, or constituting an infringement of Plaintiff's LACOSTE Marks;

    (g)    disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or referring in any manner to the manufacture, advertising, receiving, acquisition,

importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the LACOSTE Marks or trade dress; or

    (h)    instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

IT IS SO RECOMMENDED

In San Juan, Puerto Rico on this 15th day of March, 2007.

                              S/CAMILLE VELEZ-RIVE
                              CAMILLE VELEZ-RIVE
                              UNITED STATES MAGISTRATE JUDGE