IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LACOSTE ALLIGATOR, S.A.
Plaintiff

vs

ROLANDO RODRIGUEZ d/b/a OSCAR IMPORTS;
YOLMAN CORNIELLE-MATOS d/b/a YOLMAN IMPORT;
CENTRO IMPORTS;
PERFUMERIA AIDA;
L-NOVO ESCOLAR;
D'TAKAS; MILAGROS ESTRELLA & CLAUDIO CABRAL-ESTRELLA d/b/a MELANI IMPORTS;
FANTASY OUTLET;
NAYDA'S IMPORT;
JOYERIA YALEXA;
GALY FASHION;
HECTOR FIGUEROA d/b/a ZAKKOS;
GARMALY FASHION;
CARTERAS Y RELOJES;
MARITZA RIVERA; EFRAIN RIOS;
JA DISTRIBUTORS;
24 DISTRIBUTORS, INC.;
FARINACCI KIDS d/b/a FARINACCI IMPORTS;
TERE'S ACCESORIOS Y ALGO MAS;
JOHNNY'S GIFT SHOP;
SHEILA ROSARIO & OMAR BAEZ d/b/a SHEILA FASHION;
MILAD IMPORTS; QUICK MODEL;
MINELY; ORLIS; LA CASA DEL MAHON;
RODOLFO SULIA SANTIAGO d/b/a AILUS INTERNATIONAL; ROBERTO RIVERA-MENDOZA d/b/a REVOLUTION WAVE IMPORTS; JOHN DOE; JANE DOE (1-50); XYZ CORPORATIONS (1-50)

Defendants

CIVIL 06-2210CCC

**PRELIMINARY INJUNCTION**

Having considered the Magistrate Judge's Report and Recommendation (**docket entry 48**), the same is ADOPTED by the Court. Accordingly, the Court preliminarily enjoins Rodolfo Suliá d/b/a Ailus Corp. and any of their officers, directors, agents, servants, employees

CIVIL 06-2210CCC                              2

attorneys, assigns and any persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, pedinh the trial and the determination of this action, or until further notice of this Court from:

    a) imitating, copying, or making unauthorized use of the LACOSTE Marks;

    b) importing, manufacturing, producing, distributing, circulating, selling, offering for sale, advertising, promoting or displaying any product bearing any simulation, reproduction, counterfeit, copy, or colorable imitation of the LACOSTE Marks or any other indicia associated with plaintiff;

    c) using any simulation, reproduction, counterfeit, copy or colorable imitation of the LACOSTE Marks or any mark or trade dress confusingly similar thereto in connection with the importation, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation or distribution of any product in such fashion as to relate or connect, or tend to relate or connect, such product in any way to plaintiff or to any goods sold, manufactured, sponsored or approved by or connected with plaintiff;

    d) using any false designation of origin or false description, or performing any act which is likely to lead members of the trade or public to believe that any product manufactured, distributed or sold by any defendant is in any manner associated or connected with plaintiff, or is sold, manufactured, licensed, sponsored, approved or authorized by plaintiff;

    e) transferring, consigning, selling, shipping or otherwise moving any goods, packaging or other materials in defendants' possession, custody or control bearing a design or mark substantially identical to plaintiff's LACOSTE Marks;

    f) engaging in any other activity constituting unfair competition with plaintiff, or constituting an infringement of plaintiff's LACOSTE Marks;

    g) disposing, destroying, altering, moving, removing, concealing, tampering with or in any manner secreting any business records (including computer records) of any kind, including invoices, correspondence, books of account, receipts or other documentation relating or

CIVIL 06-2210CCC                                3

referring in any manner to the manufacture, advertising, receiving, acquisition, importation, purchase, sale or offer for sale, or distribution of any merchandise bearing the LACOSTE Marks or trade dress; or

      h) instructing, assisting, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

      SO ORDERED.

      At San Juan, Puerto Rico, on March 28, 2007.

                                          S/CARMEN CONSUELO CEREZO
                                          United States District Judge